IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADETTE SETSER,

       Petitioner,

v.                                                                                                             CV 09-1131WJ/WPL

STATE OF NEW MEXICO,
WARDEN ARLENE HICKSON,
and THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

       Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Bernadette Setser filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, I recommend that this case be dismissed for lack of jurisdiction.

**PROCEDURAL BACKGROUND**

In 1995, Setser was convicted of two counts of first-degree murder and several other charges. She was sentenced to life plus forty-three years in prison. (Doc. 10 Ex. A.) The New Mexico Supreme Court affirmed the convictions on December 23, 1996. *See State v. Setser*, 932 P.2d 484 (N.M. 1996).

On January 6, 1998, Setser filed a petition under 28 U.S.C. § 2254 in this Court. The petition raised three claims: 1) Setser's confessions should have been suppressed at trial; 2) tardy disclosure of a witness's statement deprived her of her confrontation rights and constituted prosecutorial misconduct; and 3) her right of allocution was denied. *See Setser v. Lucero*, No. 98-2345, 1999 WL 203040, at *1 (10th Cir. April 9, 1999) (unpublished). The petition was

dismissed on the merits, and the dismissal was affirmed on appeal. *See id.*; *see also Setser v. Lucero*, No. CV 98-0011 LH/DJS (D.N.M. Nov. 24, 1998).

In 2005, Setser filed a habeas petition in state court. (Doc. 10 Ex. D.) The petition was denied in January 2008. (*Id.* Ex. F.) The New Mexico Supreme Court refused certiorari in February 2008. (*Id.* Ex. H.)

Setser filed the current habeas petition on November 30, 2009. (Doc. 1.) In this petition, she asserts four claims: 1) the serious youthful offender provision of the New Mexico Children's Code deprived her of due process and equal protection; 2) the prosecution's failure to disclose a statement by Jeremy Rose until a few days before trial prevented an effective cross-examination of this witness; 3) Setser's attorney was constitutionally ineffective; and 4) the prosecution failed to disclose an improper contingent plea agreement. Respondents filed an answer to the petition, arguing that the petition is untimely. (Doc. 10.) Setser then filed a response to the answer, raising additional grounds for relief. (Doc. 8.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes three requirements on successive habeas petitions. First, any claim that has been adjudicated in a previous petition must be dismissed. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (citing 28 U.S.C. § 2244(b)(1)). Second, any claim that has not previously been adjudicated must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* at 530 (citing 28 U.S.C. § 2244(b)(2)). Third, before the district court may consider the merits of a successive petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet the new-rule or actual-innocence standards. *Id.* (citing 28 U.S.C. § 2244(b)(3)).

A district court does not have jurisdiction to address the merits of a successive claim unless the court of appeals authorizes the district court to proceed. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). When a successive claim is filed in a district court without authorization from the appellate court, the district court may transfer the matter to the court of appeals if it is in the interest of justice to do so. *Id.* at 1252. In deciding whether to transfer a successive application, the district court should consider whether the application fails on its face to satisfy the standards for authorization and whether the application is time-barred. *See id.*; *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

A one-year limitation period applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005). The limitation period is statutorily tolled while a habeas petition is pending in state court, but only if the state petition was filed before the limitation period expired. *See* 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). The pendency of a federal habeas petition does not toll the period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The limitation period is subject to equitable tolling, but only in rare and exceptional circumstances and when the petitioner diligently pursued her claims. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). The petitioner bears the burden of establishing her entitlement to equitable tolling. *Id.*

Setser's current habeas petition is successive because she previously filed a petition in this Court challenging her convictions. It appears that only one of her new claims was also raised in the previous federal petition. This Court has discretion to transfer the remaining claims if it is in the interest of justice to do so.

The current petition fails on its face to satisfy the standards for authorization of a successive petition. Setser is not relying on a new rule of constitutional law or on facts that could not have been discovered previously through the exercise of reasonable diligence. *See* 28 U.S.C. § 2244(b)(2).

Setser's current petition is also untimely. Her convictions became final ninety days after the New Mexico Supreme Court affirmed them. *See* SUP. CT. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1271, 1273 (10th Cir. 2001). Thus, the convictions were final on or about the end of March 1997. Although she filed her first federal petition in January 1998, that petition did not toll the limitation period. Because she did not file her state petition until more than a year after her convictions became final, that petition also did not toll the limitation period. Accordingly, the limitation period expired in March 1998.

Setser filed her habeas petition on a form that asks for an explanation if the petition is being filed more than one year after the conviction became final. Setser explained, "If it was not for friends at the prison helping and telling me I could go on to a higher court, I would not even know I could attempt this. My lawyer was fired and never told me I could proceed on. Till now I was totally in the dark about all this. I didn't have the skill or knowledge to pursue such a thing." (Doc. 1 at 14.) Setser also pointed out that she was young when she was convicted. (*Id.* at 15.) These claims do not amount to extraordinary circumstances. *See Yang*, 525 F.3d at 928-30 & n.7 (discussing many circumstances that do not justify equitable tolling, including learning disabilities, ignorance of the law, lack of legal assistance, and counsel's failure to disclose the time requirements). Respondents argued in their answer that the petition is untimely, but Setser's response to the answer did not set forth any additional facts to support equitable tolling of the limitation period.

## CONCLUSION

Because it appears that Setser's successive petition is untimely and does not satisfy the standards for authorization of a successive petition, I recommend that this case be dismissed for lack of jurisdiction.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE